# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RODERICK MCCOY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:17-cv-2186-RLW |
| v. ) | |
| ) | |
| ST. LOUIS CITY CRIMINAL JUSTICE ) | |
| CENTER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Roderick McCoy, an inmate at the St. Louis City Justice Center, for leave to commence this action without prepayment of the filing fee. The Court has reviewed the inmate account statement submitted therewith, and has determined to grant the motion and assess an initial partial filing fee of $6.03. In addition, the Court will dismiss this case pursuant to 28 U.S.C. § 1915(e).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff submitted an inmate account statement detailing his inmate account for the month of June, 2017. This information shows an average deposit of $30.16, and an average balance of $20.36. The Court will therefore assess an initial partial filing fee of $6.03, twenty percent of plaintiff's average deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do," nor will a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When conducting initial review pursuant to § 1915(e)(2), the Court must accept as true the allegations in the complaint, and must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the tenet that a court must accept the allegations as true does not apply to legal conclusions, *Iqbal*, 556 U.S. at 678, and affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993). Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15

(8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Named as defendant is the St. Louis City Justice Center. Plaintiff alleges that he is being denied a balanced meal because no type of fruit or canned fruit is being served. Plaintiff alleges that this amounts to cruel and unusual punishment. Plaintiff states that he has hypertension and high cholesterol and that "this also plays a hurting part on my medical condition," but he does not describe any adverse physical effects attributable to his allegedly deficient diet. (Docket No. 1 at 5).

## Discussion

The complaint is subject to dismissal because it is legally frivolous. Plaintiff names the St. Louis City Justice Center as the sole defendant. However, jails and local government detention centers are not suable entities. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"); *see also Ballard v. Missouri*, Case No. 4:13-cv-528-JAR, 2013 WL 1720966, at *3 (E.D. Mo. April 22, 2013) (holding that "[p]laintiff's claims against the City of St. Louis Department of Public Safety, the St. Louis County Justice Center, the City of St. Louis Justice Center, and MSI/Workhouse are legally frivolous because these defendants are not suable entities"); *Wallace v. St. Louis City Justice Ctr.*, No. 4:12CV2291 JAR, 2013 WL 3773971, at *2 (E.D. Mo. July 17, 2013) (dismissing claims against the St. Louis City Justice Center because it is not a suable entity).

3

The complaint is also subject to dismissal because it fails to state a claim upon which relief can be granted. Plaintiff states only that that he is not served fruit, and concludes that this means his diet is unbalanced and his constitutional rights are being violated. He does not allege that his meals lack other nutritious foods, only that they lack fruit. In addition, he sets forth no factual allegations regarding how his allegedly inadequate diet caused him to suffer any particular injury to his health. Construed liberally, plaintiff's allegations are merely the unadorned, "the-defendant-unlawfully-harmed-me" accusations that the Supreme Court has found deficient. *Iqbal*, 556 U.S. at 678. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law, *Martin*, 623 F.2d at 1286, and this Court will not "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 914-15.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $6.03 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in

good faith.

Dated this 22nd day of August, 2017.

/s/ Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE